**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SUPERSPEED, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-cv-01688 |
| | § | |
| GOOGLE, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1.  State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.

    On August 23, 2012, the following counsel attended the conference on behalf of the parties:

    Plaintiff SuperSpeed, LLC – Neal Manne, Max Tribble, and Kathy Hoek of Susman Godfrey LLP

    Defendant Google, Inc. – Douglas Lumish, Gabriel Gross, and Parker Ankrum of Kasowitz, Benson, Torres & Friedman LLP.

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    There are no cases related to this one that are pending in any state or federal court.

3.  Specify the allegation of federal jurisdiction.

    Plaintiff SuperSpeed asserts causes of action under 35 U.S.C. § 271 for infringement of its patent.  This Court has original and exclusive subject matter jurisdiction over this claim under 28 U.S.C. §§ 1331 and 1338(a).

4.  Name the parties who disagree and the reasons.

    There is no disagreement concerning federal jurisdiction.

    Google denies SuperSpeed's allegations that venue is proper in this Court.  Google is considering moving the Court to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   The parties are not aware of any additional parties at this time.

6. List anticipated interventions.

   The parties are not aware of any anticipated interventions at this time.

7. Describe class-action issues.

   This case is not a class action.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   The parties have agreed that disclosures under Rule 26(a)(1) will be made within 4 weeks after the Scheduling Conference.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

      (1) Whether any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

          The parties do not seek any changes to the Rule 26(a) disclosures.

      (2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

          The parties will seek discovery relating to issues of claim construction, infringement/non-infringement, validity/invalidity, affirmative defenses, willfulness, and damages, and discovery may include other topics related to the parties' claims and defenses including those that may develop through the course of the parties' investigations.

          All discovery should be completed by March 7, 2014.

          The parties have agreed to stage discovery to ensure that fact discovery concludes before expert discovery, in order to minimize the potential for disputes and the need for amending and/or supplementing expert disclosures.

      (3) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

The parties are in the process of negotiating a separate Stipulation Regarding Electronically Stored Information and the Format of Document Productions, and anticipate that they will reach agreement on these issues.

(4) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;

The parties agree that a suitable protective order should include a provision directed to preserving applicable privileges and avoiding inadvertent waiver, as well as provisions specifically related to the discovery and treatment of confidential source code, and to the presumptively protected status of post-filing communications with counsel, among others.  The parties shall meet and confer in a good faith effort to agree upon a stipulated protective order for entry by the Court.

(5) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

The parties agree that each side may serve up to 30 interrogatories; up to 30 substantive requests for admission (with up to 100 requests for admission relating solely to authenticating evidence); and a reasonable number of requests for production or inspection not duplicative of the Patent Rules disclosures.

Each side may take up to 85 hours of depositions, not including depositions of the opposing party's expert witnesses, each of whom may be deposed.  No witness in his or her individual capacity may be deposed for more than 7 hours without agreement of the parties or leave of court if the parties are unable to reach agreement, and the parties shall meet and confer about establishing reasonable limitations to depositions of organizations pursuant to Rule 30(b)(6), as needed. For purposes of calculating time spent on depositions, each deposition shall count as a minimum of 4 hours, regardless of the time actually transpired in deposition. The parties agree that third party depositions may include attorneys that prosecuted the patent-in-suit and prior art authors and inventors, and that either party may take up to four third party depositions, after which any additional third party depositions may occur by agreement of the parties or with leave of Court.

(6) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) or (c).

The parties will agree upon and submit a proposed Protective Order in advance of the Scheduling Conference.

B. When and to whom the plaintiff anticipates it may send interrogatories.

SuperSpeed expects to send its initial set of interrogatories to Google within 60 days of the Scheduling Conference, and to serve additional interrogatories as needed.

C.   When and to whom the defendant anticipates it may send interrogatories.

Google expects to send its initial set of interrogatories to SuperSpeed within 60 days of the Scheduling Conference, and to serve additional interrogatories as needed.

D.   Of Whom and by when the plaintiff anticipates taking oral depositions.

SuperSpeed expects to take depositions of individual Google witnesses and a corporate representative of Google, with the identities and topics to be determined within a reasonable time after receiving Google's disclosures.  SuperSpeed may seek depositions of third-party witnesses whose identities are not yet known.  SuperSpeed reserves the right to seek the depositions of experts identified by Google.  The parties will work together to agree upon a time and place for all depositions.

E.   Of Whom and by when the defendant anticipates taking oral depositions.

Google expects to take depositions of the named inventor(s), patent-prosecuting attorneys, prior art authors and inventors, SuperSpeed's expert witnesses, individual SuperSpeed witnesses and a corporate representative of SuperSpeed, with the identities and topics to be determined within a reasonable time after receiving SuperSpeed's disclosures.   Google may seek depositions of other third-party witnesses whose identities are not yet known.  The parties will work together to agree upon a time and place for all depositions.

F.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

The parties will be prepared to designate experts on non-construction issues on which they bear the burden of proof and to exchange expert reports by December 20, 2013.  The parties will be prepared to designate responsive experts on non-claim construction issues on which they do not bear the burden of proof and to exchange expert reports by January 24, 2012.  (Expert discovery relating solely to claim construction will occur separately as contemplated by the Proposed Patent Case – Schedule Order and under the schedule ordered by the Court.)

G.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

The parties anticipate deposing each side's expert witnesses on issues relating to claim construction, liability (e.g., patent infringement and non-infringement, validity and invalidity, etc.) and damages.  The parties' expert depositions relating to claim construction will be completed by June 7, 2013.  The parties will complete all other expert discovery, including depositions, by March 7, 2014.

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (export report).

See immediately above at subsection G.

10. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

   [*]

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

   The parties have not undertaken any discovery beyond scheduling their initial disclosures, but anticipate commencing discovery immediately following the Scheduling Conference.

12. State the date the planned discovery can reasonably be completed.

   The parties anticipate they can complete all discovery by March 7, 2014.

13. Discuss the items addressed in Patent Rule 2.1.

   (1) Any proposed modification of the schedule provided in the Scheduling Order Template, which is available at the District's website;

   The parties have met and conferred over a proposed schedule based largely on the Proposed Patent Case – Scheduling Order and are providing a jointly proposed schedule for the Court's consideration.

   (2) A plan for completing electronic discovery;

   The parties are in the process of negotiating a separate Stipulation Regarding Electronically Stored Information and the Format of Document Productions, and jointly propose a schedule for all discovery, including electronic discovery.

   Google will provide SuperSpeed with access to the technical information contemplated in Patent Local Rule 2-1(b) within ten (10) weeks of the Scheduling Conference, at a time and place agreed upon by the parties.

   (3) The need for presenting technical tutorials to the presiding judge and the mode for such presentations (i.e., live testimony, video presentations) at or before the claim construction hearing;

   [SuperSpeed proposes:]

   Technical tutorials, if any, will be submitted in written or electronic form before the claim construction hearing, and no presentations will be made during the hearing unless requested by the Court.

   [Google proposes:]

   Google believes a technical tutorial will be necessary and helpful in this computer

science-related patent infringement case, over a patent entitled "Method and System for Coherently Caching I/O Devices Across a Network." Google proposes presenting the tutorial shortly before the claim construction either in live presentation format by experts or attorneys for both sides, or by presenting the Court with electronic materials, which may include video, in advance of the hearing. Google respectfully requests that the Court order such a tutorial to occur in the Court's preferred format, if any, and order the parties to meet and confer over the timing and logistics.

(4) Any deviations from and additions to the form protective order (available at the District's website);

As described in Section 9.A.(4) above, the parties are meeting and conferring in good faith in order to reach agreement regarding any deviations from the Court's form protective order.

(5) Whether any party desires to present live testimony at the claim construction hearing;

The parties do not intend to present live testimony at the hearing.

(6) The need for and any specific limits on discovery relating to claim construction, including depositions of fact and expert witnesses;

The parties agree to conduct all discovery simultaneously, with each witness being deposed one time unless by agreement or with leave of Court. The parties do not seek any specific limits for discovery relating to claim construction, other than the general limits imposed by the Federal Rules and the local rules (including the Patent Rules), and the limits identified in item 9.A.(5) above.

(7) The order of presentation at the claim construction hearing;

The hearing will proceed term-by-term, with Plaintiff presenting first as to each term and the parties equally sharing the time allotted for the hearing.

(8) The scheduling of a claim construction prehearing conference after the "Joint Claim Construction and Prehearing Statement" provided in P.R. 4-3 has been filed;

The parties do not request a prehearing conference but reserve the right to request one.

(9) Whether the presiding judge should authorize the filing under seal of any documents containing confidential information;

The parties agree that the presiding judge should authorize the filing under seal of any materials containing confidential information pursuant to the terms of the Protective Order that will be agreed upon by the parties and/or entered by the Court.

(10) If applicable, include plaintiff's statement that it lacks sufficient information

concerning Google's products or processes to provide the necessary specificity for the Preliminary Infringement Contentions (*see* P.R. 3-1).

SuperSpeed is prepared to make its disclosure pursuant to P.R. 3-1 as to certain claims of the '244 patent. SuperSpeed does not have sufficient information to determine whether Google's products or processes also may infringe additional claims or patents, because it does not have access to Google's source code and other non-public materials. SuperSpeed anticipates that it will be prepared to provide information as to any additional claims or patents within twelve weeks after completing its review of Google's source code and other non-public materials. Within one week of this filing, and to facilitate Google's production of information contemplated by P.R. 2-1(b) and the parties' proposed scheduling order, SuperSpeed shall provide Google with additional guidance in writing identifying the features, aspects, and/or technologies of any accused products SuperSpeed believes may infringe one or more representative claims of the patent in suit.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties discussed their willingness to engage in mediation and/or attend a settlement conference. Google stated that it thinks the best time to do this will be after the claim construction ruling.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

See immediately above.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

SuperSpeed is amenable to attending a settlement conference and/or mediation at an appropriate time.

Google is amenable to attending a settlement conference and/or mediation at an appropriate time, and proposes that it occur after the issuance of the Court's claim construction ruling.

17. Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

SuperSpeed maintains that the case should be assigned to Judge Gilmore, for the reasons stated in its letter to the Court dated June 15, 2012. Google incorporates by reference its opposition to SuperSpeed's letter requesting reassignment. (D.N. 11.) The parties do not consent to trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

SuperSpeed demanded a jury trial when it filed its complaint on June 5, 2012.

Google demanded a jury trial when it filed its Answer on August 1, 2012.  (D.N. 13.)

19. Specify the number of hours it will take to present the evidence in this case.

Trial can be completed in forty (45) hours, not including opening and closing statements, with time divided equally for each side.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

On June 15, 2012, SuperSpeed submitted a letter requesting that the case be re-assigned to Judge Vanessa Gilmore.  *See* Docket No. 4.  Google submitted a letter opposing that request on June 18, 2012.  *See* Docket No. 8.

21. List other motions pending.

There are no other motions pending.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

The parties are not aware of any issues at this time.

23. List the names, bar numbers, addresses, and telephone numbers of all counsel.

See signature lines below.

Respectfully submitted,

By:  */s/Neal S. Manne*
    Neal S. Manne
    State Bar No. 12937980
    nmanne@susmangodfrey.com
    SUSMAN GODFREY L.L.P.
    1000 Louisiana Street, Suite 5100
    Houston, Texas 77002
    Telephone:  (713) 651-9366
    Facsimile:  (713) 654-6666

    Attorney-in-Charge for Plaintiff
    SuperSpeed Software, LLC

Max L. Tribble Jr.
State Bar No. 20213950
mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Kathryn P. Hoek
California Bar No. 219247
khoek@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

Attorneys for Plaintiff
SuperSpeed Software, LLC

Respectfully submitted,

By:  */s/Douglas E. Lumish*
     Douglas E. Lumish (*pro hac vice*)
     Cal. Bar No. 183863
     dlumish@kasowitz.com
     KASOWITZ BENSON TORRES &
     FRIEDMAN, LLP
     333 Twin Dolphin Drive, Suite 200
     Redwood Shores, California 94065
     Telephone:  (650) 453-5170
     Facsimile: (650) 453-5171

Attorney-in-Charge for Defendant
Google Inc.

Gabriel S. Gross (*pro hac vice*)
Cal. Bar. No. 254672
ggross@kasowitz.com
Joseph H. Lee (*pro hac vice*)
Cal. Bar. No. 248046
jlee@kasowitz.com
Parker C. Ankrum      (*pro hac vice*)
Cal. Bar. No. 261608
pankrum@kasowitz.com
Rebecca Unruh (*pro hac vice*)
Cal. Bar. No. 267881
runruh@kasowitz.com
KASOWITZ BENSON TORRES & FRIEDMAN, LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone:  (650) 453-5170

David J. Beck
Bar No. 00000070
Michael Richardson
Bar No. 24002838
Robert Ford
Bar No. 24074219
Beck, Redden & Secrest, LLP
One Houston Center
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010

Attorneys for Defendant Google Inc.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 28, 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic filing system of the court.   The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/Neal S. Manne*
Neal S. Manne
