IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| SUPERSPEED, LLC, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-cv-01688 |
| | § | |
| GOOGLE, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

~~PROPOSED~~ SCHEDULING ORDER
~~PROPOSED~~ PATENT CASE – SCHEDULING ORDER

It is hereby **ORDERED**, after consultation with the parties, that the following schedule will apply in this case:

| 0. | 9/7/12 | **Scheduling Conference** (*see* #36 re: **MEDIATION**) |
|---|---|---|
| 1. | 10/4/12 | **Comply with R. 26(a)(1):** Parties to exchange information required pursuant to Rule 26(a)(1). |
| 2. | 11/16/12 [10 weeks after Sched. Conf.] | **By stipulation and consistent with P.R. 2-1(b):** Google to produce to SuperSpeed "sufficient information concerning each product or process of the type or class specified by the claimant [SuperSpeed] in its statement [in the parties' Joint Discovery/Case Management Plan] to enable the claimant to determine whether to claim that the product or process infringes. Neither the claimant's statement nor the opponents production will be an admission or evidence of infringement or noninfringement. These steps are solely to determine what is alleged to be infringing." |

| 3. | 2/8/13<br>[12 weeks after #2] | **Comply with P.R. 3-1 and 3-2:** SuperSpeed to make disclosure of asserted claims and preliminary infringement contentions & make document production.<br><br>*After this date,* it is necessary to obtain leave of court to add and/or amend infringement contentions, pursuant to P.R. 3-7.<br><br>**Join additional parties.** It is not necessary to file a motion to join additional parties before this date. Thereafter, it is necessary to obtain leave of court to join additional parties.<br><br>**Add new patents and/or claims** for patents-in-suit. It is not necessary to file a motion to add additional patents or claims before this date. Thereafter, it is necessary to obtain leave of court to add patents or claims. |
|---|---|---|
| 4. | 3/22/13<br>[6 weeks after #3] | **Comply with P.R. 3-3 and 3-4:** Google to serve preliminary invalidity contentions and make document production.<br><br>Thereafter, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to P.R. 3-7.<br><br>Add any **inequitable conduct allegations** to pleadings. Before this date, it is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings. Thereafter, it is necessary to obtain leave of court to add inequitable conduct allegations to pleadings. |
| 5. | 4/5/13<br>[2 weeks after #4] | **Comply with P.R. 4-1:** Parties' exchange of proposed terms and claim elements needing construction. |
| 6. | 4/26/13<br>[3 weeks after #5] | **Comply with P.R. 4-2:** Parties' exchange of preliminary claim constructions and extrinsic evidence.<br><br>**Privilege Logs** to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| 7. | 5/17/13<br>[8 weeks after #4] | **Deadline to comply with P.R. 4-3:** Filing of joint claim construction and pre-hearing statement.<br><br>**Disclosure of parties' claim construction experts** & service of FED. R. CIV. P. 26(a)(2) materials. |

| 8. | 5/17/13 [matches #7] | **Deadline for all parties to file amended pleadings (pre-claim construction).** It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. (It will be necessary to file a Motion for Leave to Amend after this deadline.)<br><br>**NOTE:** If the amendment would affect preliminary infringement contentions or preliminary invalidity contentions, a motion must be made pursuant to P.R. 3-7 irrespective of whether the amendment is made prior to this deadline. |
|---|---|---|
| 9. | 5/17/13 [matches #7] | Each party to provide name, address, phone number, and curriculum vitae for up to three (3) candidates for a **court-appointed special master** (*see* FED. R. CIV. P. 53) **or court-appointed expert** (*see* FED. R. EV. 706), with information regarding the nominee's availability for *Markman* hearing or other assignments as deemed necessary by the court. The parties shall indicate if they agree on any of the nominees. |
| 10. | 5/31/13 [2 weeks after #7] | Deadline for parties (optional) to provide Court with **written tutorials[1] concerning technology involved in patent in issue.** If a special master or court-appointed expert is hereafter selected, the parties will provide each tutorial to the master or expert. |
| 11. | 5/31/13 [2 weeks after #7] | **Responses to amended pleadings due.** |
| 12. | 6/7/13 [1 week after #10] | **Discovery deadline on claim construction issues** (*see* P.R. 4-4) |
| 13. | 6/28/13 [6 weeks after #7; 3 weeks after #12] | [Plaintiff SuperSpeed's Proposal:]<br><br>Comply with P.R. 4-5(a)(1): **the party claiming patent infringement** must serve and file a **Claim Construction Opening Brief** with its supporting evidence. The moving party is to provide the Court with 2 copies of the binders containing their Opening Brief and exhibits. If a special master or court-appointed expert has been appointed, the moving party must provide the Opening Brief on disk or CD along with a hard copy, tabbed and bound in notebook format, with exhibits, to the special master or court-appointed expert. |

---

[1] Subject to the Court's instruction or the parties' stipulation to submit electronic/multimedia tutorial materials or to present live tutorials in connection with the *Markman* hearing.

| | | |
|---|---|---|
| | | [Defendant Google's Proposal:]<br><br>Comply with P.R. 4-5(a), as modified herein for simultaneous briefing in the absence of any "moving" party: **Each party must serve and file a Claim Construction Opening Brief** with its supporting evidence. Each party is to provide the Court with 2 copies of the binders containing its Opening Brief and exhibits. If a special master or court-appointed expert has been appointed, each party must provide the Opening Brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits, to the special master or court-appointed expert. |
| 14. | 7/19/13<br><br>[3 weeks after #13] | [Plaintiff SuperSpeed's Proposal:]<br><br>Comply with P.R. 4-5(a)(2): **Responsive Brief and supporting evidence due to party claiming patent infringement.** The moving party is to provide the Court with two (2) courtesy copies of the Responsive Brief and exhibits. If a special master or court-appointed expert has been appointed, the nonmoving party must supply a copy of its Response on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits, to the special master or court-appointed expert. |
| | | [Defendant Google's Proposal:]<br><br>Comply with P.R. 4-5(a), as modified herein for simultaneous briefing in the absence of any "moving" party: **Each party must serve and file a Claim Construction Responsive Brief** with its supporting evidence. Each party is to provide the Court with 2 copies of the binders containing its Opening Brief and exhibits. If a special master or court-appointed expert has been appointed, each party must provide the Opening Brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits, to the special master or court-appointed expert |
| 15. | 7/26/13<br><br>[1 week after #14]<br><br>*Reply briefs not to exceed 10 pages* | Parties to file **a notice** with the Court stating the **estimated amount of time** requested for the Claim Construction (*Markman*) Hearing. The Court will notify the parties if it is unable to accommodate this request. |

| | | |
|---|---|---|
| | | [Plaintiff SuperSpeed's Proposal:]<br><br>Comply with P.R. 4-5(a)(3): **Party claiming infringement shall file a Reply Brief and supporting evidence on claim construction.** The moving party is to provide the Court with two (2) copies of the Reply Brief and exhibits. If a special master or court-appointed expert has been appointed, the moving party must provide the Reply Brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits, to the special master or court-appointed expert. |
| | | [Defendant Google's Proposal:]<br><br>No reply briefing is required in the absence of any "moving" party and in view of simultaneous opening and responsive claim construction briefs. |
| 16. | 8/9/13<br><br>[1 week *before Markman* Hearing] | Parties to submit **Claim Construction Chart** in WordPerfect 8.0 (or higher) format in compliance with P.R. 4-5(a)(4), (b), (c) and (d). |
| 17. | 8/16/13<br><br>[4 weeks after #14; 3 weeks after #15] | **Claim Construction (*Markman*) Hearing at \_\_\_\_ \_.m. at the United States District Court, 515 Rusk Street, Courtroom 9-F, Houston, Texas** |
| 18. | 9/27/13<br><br>[*Markman* ruling within 6 weeks after *Markman* hearing] | **Court's Decision on Claim Construction (*Markman* Ruling)**<br><br>*(If ruling is late, parties may seek amendment of remaining dates in Scheduling Order.)* |
| 19. | 10/25/13<br><br>[4 weeks after *Markman* Ruling (#18)] | **Deadline for final infringement contentions and to amend pleadings on infringement claims**<br><br>NOTE: Except as provided in P.R. 3-6, if the amendment would affect preliminary or final infringement contentions, a motion must be made under P.R. 3-7 irrespective of whether the amendment is made before this deadline. |
| 20. | 10/25/13<br><br>[matches #19] | Comply with P.R.3-8. **All parties furnish** documents and privilege logs **pertaining to willful infringement.** |
| 21. | 11/8/13<br><br>[6 weeks after *Markman* Ruling (#19); 2 weeks after #19] | **Deadline for final invalidity contentions and to amend pleadings on invalidity claims.**<br><br>NOTE: Except as provided in P.R. 3-6, if the amendment would affect preliminary or final invalidity contentions, a motion must be made under P.R. 3-7 irrespective of whether the amendment is made before this deadline. |

| 22. | 11/29/13<br>[3 weeks after #21] | **Discovery Deadline on all issues (except for non-claim construction expert discovery as provided below)**<br>*(If ruling is late, parties may seek amendment of remaining dates in Scheduling Order.)* |
|---|---|---|
| 23. | 12/20/13<br>[3 weeks after # 22 ] [~ 12 weeks after *Markman* Ruling (#19)] | Date for **designation of expert witnesses on non-construction issues on which the party has the burden of proof ("BOP")** and **service of expert witness reports.**<br>[Refer to Fed. Rules of Civil Proc. for information required.] |
| 24. | 1/24/14<br>[5 weeks after #23] | **Date for designation of responsive expert witnesses on non-claim construction issues on which party does *not* have BOP,** and **service of responsive expert witness reports.** [Refer to Fed. Rules of Civil Proc. for information required.] |
| 25. | 3/7/14<br>[6 weeks after # 24, ~ 5 mos. after *Markman* Ruling (#18)] | **Expert Discovery Deadline.**<br>*(If ruling is late, parties may seek amendment of remaining dates in Scheduling Order.)* |
| 26. | Motions due ~~no later than: 4/4/14~~ [4 ~~weeks after #25~~] 30 days after the mediator declares an impasse<br>Responsive Briefs due: 2 weeks after motion filed<br>Reply Briefs due: ~~3~~1 week after responsive brief filed | **Dispositive and Non-Dispositive Motions**<br>and<br>**Briefing deadlines** |
| 27. | ~~5/30/14~~<br>[~ 8 weeks after motions in #26 ~~filed~~ are fully briefed] | **Court's ruling on all pending motions** |
| 28. | 6/27/14<br>[4 weeks after #27; at least 2 weeks before Docket Call] | **Joint Pretrial Order** due including **all components** required by Local Rules and this Court's Procedures (such as witness lists, exhibit lists and copies of exhibits (*see* # 29 below), and (a) in bench trials, proposed findings of fact and conclusions of law with citation to authority and (b) for jury trials, joint proposed jury instructions with citation to authority, and proposed verdict form). **Statement of Expected Length of Trial:** _____ days (~6 hours with jury per day). |
| 29. | 6/27/14 [same day as JPTO (#28) – but filed separately] | **Written notice due for request for daily transcript or real time reporting of trial proceedings.** |

| 30. | 6/27/14<br><br>[Same day as JPTO (#28)] | **Video and Deposition Designations** due.<br><br>Each party who proposes to offer a deposition by video must file a disclosure identifying the line and page numbers to be offered.<br><br>All other parties will have **1 week** to file a response requesting **cross designation** line and page numbers to be included.<br><br>Each party is responsible for **preparation of the final edited video** in accordance with their parties' designations and the Court's rulings on objections. |
|---|---|---|
| 31. | 6/27/14<br><br>[same day as JPTO (#28)] | **Motions in Limine** due. |
| 32. | 7/11/14<br><br>[2 weeks after JPTO filed (#28)] | **Objections** to opponents' proposed witnesses, proposed exhibits, designated deposition testimony, and any other matters due. |
| 33. | 7/31/14<br><br>[1 day before Docket Call – 3 p.m.] | The **parties** are directed to confer and **advise the Court** about (a) which limine requests the parties agree to. |
| 34. | 8/1/14<br><br>[4 weeks after JPTO filed (#28)] | 9:00 a.m. **Docket Call/ Final Pretrial Conference** at the United States District Court, 515 Rusk Street, Houston, Texas. |
| 35. | ~~7/31/14~~<br><br>**MEDIATION is required**<br><br>~~prior to Docket Call,~~ WITHIN 30 days after the Court's MARKMAN Ruling. | *The Court refers most patent cases to mediation. The parties should discuss proposed mediators and timing of mediation prior to the Scheduling Conference and be prepared with recommendations for the Court.*<br><br>**Mediation to be completed by this date.** The parties must select a mediator for this case. The parties and mediator must comply with S.D. TEXAS LOCAL RULE 16. |
| ~~36.~~ | ~~8/11/14~~<br><br>[generally, the first day of jury trial] | ~~9:00 a.m. JURY SELECTION at the United States District~~ Court |
| ~~37.~~ | ~~8/11/14~~<br><br>[Generally same date as jury selection #36] | ~~JURY TRIAL (9:30 a.m.) commences, subject to Court's~~ criminal docket |

**OTHER REQUIREMENTS and LIMITATIONS:**

(a) **All depositions** to be read into evidence as part of the parties' case-in-chief must be **EDITED** (*with* notice to opposing parties) to exclude all unnecessary, repetitious, and irrelevant testimony. **ONLY** those portions relevant to the issues in controversy may be read into evidence.

(b) The Court will refuse to entertain any **motion to compel discovery** filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Southern District of Texas Local Rules 7.1, 7.2.

(c) The following **excuses will neither warrant a continuance** nor justify a failure to comply with the discovery deadline:

  (i) the fact that there are motions for summary judgment or motions to dismiss pending;

  (ii) the fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

  (iii) the failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

(d) **Exhibits**

  (i) Each party must provide the Court with a courtesy copy of exhibits and exhibit lists. The presiding judge's preferred format for Exhibit Lists is available on the Court's website at www.txs.uscourts.gov under **Court Procedures.**

  (ii) If exhibits are voluminous, provide only specific pages that pertain to the issues on the two courtesy copies. The original exhibits that are agreed upon by the parties, should be ready to be tendered to the Clerk of the Court at the beginning of trial.

  Other exhibits that are admitted during trial should be tendered to the Clerk of the Court immediately after admission.

  (iii) The parties are to label all proposed exhibits with the following information on each label: Designation of Plaintiff's or Defendant's Exhibit Number and Case Number. For example:

| **Plaintiff's Exhibit** | **Defendant's Exhibit** |
|---|---|
| Exhibit No. _____ <br> Case No. _____ | Exhibit No. _____ <br> Case No. _____ |

SIGNED at Houston, Texas, this 7th day of September, 2012.

                                                                      SIM LAKE
                                       UNITED STATES DISTRICT JUDGE

                                                          Respectfully submitted,

                                    By: */s/Neal S. Manne*
                                         Neal S. Manne
                                         State Bar No. 12937980
                                         nmanne@susmangodfrey.com
                                         SUSMAN GODFREY L.L.P.
                                         1000 Louisiana Street, Suite 5100
                                         Houston, Texas 77002
                                         Telephone: (713) 651-9366
                                         Facsimile: (713) 654-6666

                                  Attorney-in-Charge for Plaintiff
                                  SuperSpeed Software, LLC

Max L. Tribble Jr.
State Bar No. 20213950
mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Kathryn P. Hoek
California Bar No. 219247
khoek@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Attorneys for Plaintiff
SuperSpeed Software, LLC

By: /s/Douglas E. Lumish
Douglas E. Lumish
California State Bar No. 183863
dlumish@kasowitz.com
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Attorney-in-Charge for Defendant Google Inc.

Gabriel S. Gross
California State Bar No. 254672
ggross@kasowitz.com
Joseph H. Lee
California State Bar No. 248046
jlee@kasowitz.com
Parker C. Ankrum
California State Bar No. 248046
pankrum@kasowitz.com
Rebecca L. Unruh
California State Bar No. 267881
runruh@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171


David J. Beck
State Bar No. 00000070
dbeck@brsfirm.com
Robert Ford
State Bar No. 24074269
rford@brsfirm.com
Beck, Redden & Secrest LLP
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX 77010

Telephone: (713) 951-3700
Facsimile: (713) 951-3720

Attorneys for Defendant Google Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/Neal S. Manne
Neal S. Manne
