**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SUPERSPEED, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-cv-01688 |
| | § | |
| GOOGLE, INC., | § | |
| | § | |
| Defendant. | § | |

## PROTECTIVE ORDER

**1.    Proceedings and Information Governed**.    This Order ("Protective Order") is made under Rule 26(c) of the Federal Rules of Civil Procedure ("FED. R. CIV. P.").

This Protective Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" in accordance with the terms of this Protective Order.   This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

**2.    Designation and Maintenance of Documents and Information**.

**A.**    "Confidential Information" designation means that the document contains trade secrets or commercial information not publicly known, which trade secrets or commercial information is of technical or commercial advantage to its possessor, in accordance with FED. R. CIV. P. 26(c)(7), or other information required by law or agreement to be kept confidential.  Documents marked "Confidential" shall be treated as if designated "Confidential Information."

**B.**    The "Highly Confidential Information – Outside Counsel Only" designation means that the document contains information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.  Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL shall be treated as if designated HIGHLY CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY. Documents designated "Highly Confidential Information – Outside Counsel Only" and information contained therein shall be available only to the persons or entities listed in Paragraphs 7(C).

**C.**     The "Restricted Confidential: Source Code" designation means that the document contain or substantively relate to confidential, proprietary and/or trade secret source code or technical design documentation. The conditions described in Paragraph 3 below shall govern the production, review and use of source code or design documentation information. Documents marked "Attorneys' Eyes Only: Source Code" shall be treated as if designated "Restricted Confidential: Source Code."

**D.**     "Confidential Information," "Highly Confidential Information – Outside Counsel Only," and "Restricted Confidential: Source Code" does not include, and this Protective Order does not apply to, documents or other information already in the knowledge or possession of the party to whom disclosure is made, unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information not confidential.

**3.     Information Designated Restricted Confidential - Source Code**

**A.**     The following conditions shall govern the production, review and use of source code or design documentation designated as "Restricted Confidential: Source Code" (hereinafter "Source Code"), including any documents that contain any lines, portions, fragments, excerpts, or segments or source code. The producing party shall make good faith efforts to ensure that documents that only describe the operation of the source code, but which do not contain any source code or any excerpts of source code, shall not be designated as "Restricted Confidential: Source Code."

**B.**     All such Source Code, and any other documents designated as "Restricted Confidential: Source Code," shall be subject to the following provisions:

(i)     Source Code, to the extent any producing party agrees to provide any such information, shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in electronic format at one of the following locations chosen at the sole discretion of the producing party: (1) the offices of the producing party's primary outside counsel of record in this action; (2) a single, third-party site located within any judicial district in which the Source Code is stored in the ordinary course of business (e.g., an escrow company); or (3) a location mutually agreed upon by the receiving and producing parties. Any location under (1), (2) or (3) above shall be in the continental United States. Source Code will be loaded on a non-networked computer that is password protected and maintained in a secure, locked area. The producing party shall provide up to two (2) non-networked computers for reviewing Source Code at the production location at the receiving party's request. Use or possession of any electronic devices that may be used to electronically copy information, including but not limited to USB memory sticks, cellular phones, smartphones, tablet devices, cameras or any camera-enabled device, CDs, floppy disks, portable hard drives, Ethernet cables, USB cables, or similar hardware, is prohibited while accessing the computer containing the Source Code. Laptop computers will only be permitted inside the secured room if any camera or image capturing capabilities, network connections and I/O ports in said devices are disabled. All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room. The computer containing Source Code will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than 3 business days in advance of the requested inspection. Upon reasonable notice from the receiving party, and in no event less than 5 business days in advance of the requested inspection, the producing party shall make reasonable efforts to accommodate the receiving party's request for access to the computer containing Source Code outside of normal

business hours.

       (ii)     The producing party shall provide up two (2) non-networked computers at the production location at the receiving party's request. The producing party shall provide the receiving party with information, in either oral or written form, explaining how to start and log on to the non-networked computer in order to access the Source Code. The producing party will produce Source Code in computer searchable, native format. Each computer shall be provided with software sufficient to enable the receiving party to search and review the Source Code material. In addition, the receiving party's outside counsel and/or experts may request that additional commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer. The receiving party must provide the producing party with the CD or DVD containing such software tool(s) at least four business days in advance of the inspection.

       (iii)    The receiving party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code, which may include transcribing up to 2 consecutive lines of Source Code, but in no event will more than 2 consecutive lines of Source Code from any one file, or an aggregate total of more than 50 lines of the producing party's Source Code, be copied into the notes of the notes of the receiving party. Upon a good faith demonstration of need, the receiving party may request permission to copy additional lines of code, which request shall not be unreasonably denied by the producing party. This limit shall not apply to information regarding directory, file, and line number within the file, which information the producing party shall make available to the extent that such information exists and can reasonably be provided without undue cost or burden. If the receiving party's outside counsel and/or expert seeks to take notes on hardcopy paper, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks that are clearly labeled on their cover(s), in at least 28-point font, and all pages therein, in at least 20-point font, as "Confidential Information: Subject to Protective Order" and "Restricted Confidential: Source Code." No loose paper or other paper that can be used in a printer may be brought into the secure room. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. Any notes relating to or containing source code ("Source Code Notes"), and any printed copies of source code pursuant to Paragraph 2(B)(iv) below, shall be stored in a secure location at all times and shall remain within the territorial United States at all times, including while be transported from one location to another location. The receiving party will maintain a log identifying the people who viewed or accessed the Source Code Notes, that such notes were checked out and checked back in, the location, and the measures undertaken to maintain the security of the Source Code Notes.

       (iv)    No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the receiving party may request a reasonable number of pages of Source Code to be printed by the producing party, but only if and to the extent necessary for use in this action. In no event may the receiving party print any Source Code file in its entirety, more than 10 consecutive pages, or an aggregate total of more than 500 pages (not including copies of the original printouts) of Source Code during the duration of the case without prior written approval by the producing party. Upon a good faith demonstration of need, the receiving party may request the printing of a continuous block of more than 10 pages or more than 500 pages, which request shall not be unreasonably denied by the producing party. The non-networked computers shall be equipped to print copies of the source code on paper to be provided by the producing party, which may include watermarked pre-Bates numbered paper. Under no circumstances are original printouts of the source code to be made except for directly onto the watermarked and numbered sides of the paper provided by the producing party. Counsel for the producing party will keep the

original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within 5 business days, or such additional time as necessary due to volume requested, of being notified that such original printouts have been made. The producing party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "Restricted Confidential: Source Code" unless objected to as discussed below. The printed pages shall constitute part of the Source Code produced by the producing party in this action. At the inspecting parties request, up to two additional sets (or subsets) of printed Source Code may be requested and provided by the producing party in a timely fashion. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as stated in Paragraph 3(B)(iii) herein regarding Source Code Notes.

(v)     If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five business days. If after meeting and conferring the producing party and the receiving party cannot resolve the objection (where such meet-and-confer need not take place in person), the producing party shall be entitled, but not required, to seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court.

(vi)     Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "Restricted Confidential: Source Code" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to make notes during the inspection of Source Code as set forth in Paragraph 3(B)(iii) herein or to attach as exhibits to depositions, expert reports, or court filings as discussed below.

(vii)     Any paper copies designated "Restricted Confidential: Source Code" shall be stored or viewed only at (a) the offices of outside counsel for the receiving party, (b) the offices of outside experts or consultants who have been approved to access Source Code; (c) the site where any deposition is taken (d) the Court; or (e) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in secure location, within the territorial United States of America, under the direction of counsel responsible for maintaining the security and confidentiality of the designated materials, provided that it is not necessary for counsel to physically supervise outside experts or consultants who have been approved to access Source Code while they conduct their work. Any access of paper copies designated "Restricted Confidential: Source Code" shall be stored and logged under the terms and conditions set forth in Paragraph 3(B)(iii).

(viii)     A list of names of persons who will view the Source Code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection. The receiving party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart. The producing party shall be entitled to (a) collect any cellular phones or device for electronic copying prior to any inspection, (b) have a person observe all entrances and exits from the Source Code viewing room, (c) enter and observe the Source Code viewing room periodically to ensure no electronic copying devices are being used pursuant to Paragraph 3(B)(i) above, so long as the monitoring does not involve any attempt to discern the substance of the receiving party's review, and (d) have a copy of the log, but may not otherwise monitor or observe the review and may not attempt to discern the substance of the receiving party's review. Notwithstanding any other provision of this Protective Order, no more than 4 experts or consultants shall view the Source Code produced by the producing party, and each such expert or consultant can only view

such Source Code subject to the provisions set forth in Paragraph 7D below.

(ix)    Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code review room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.  The producing party shall not inspect any materials left behind, and shall make reasonable efforts to inform the receiving party in the event that anything is left behind by the receiving party.  Any materials left behind in the Source Code Review room and not subsequently reclaimed by the receiving party within 10 days shall be destroyed by the producing party. The inadvertent leaving behind of anything does not constitute a waiver of any privilege nor allow producing party to invade any privilege.

(x)    The receiving party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment, except as stated in Paragraph 3(B)(iii) herein regarding Source Code Notes. The receiving party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection, except as otherwise stated in Paragraph 3(B)(iii) herein regarding Source Code Notes.

(xi)    Only the following individuals shall have access to Restricted Confidential: Source Code" materials, absent the express written consent of the Producing Party or further court order:

(a)    Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

(b)    Up to four (4) outside experts or consultants per party, pre-approved in accordance with Paragraphs 7A-7G and specifically identified as eligible to access Source Code;

(c)    The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.  If used during a deposition, the deposition record will identify the exhibit by its production numbers;

(d)    While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the producing party or original source of the information; (ii) any person designated by the producing party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

(xii)    The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph (vii) above.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the producing party, the receiving party shall provide reasonable assurances and/or descriptions

of the security measures employed by the receiving party and/or qualified person that receives a copy of any portion of the Source Code;

(xiii)   Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the Source Code). The Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order. The receiving party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored. Additionally, all electronic copies must be labeled Restricted Confidential: Source Code."

(xiv)   To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as Restricted Confidential: Source Code" or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as Restricted Confidential: Source Code."

(xv)   All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(xvi)   The receiving party's outside counsel may only disclose a copy of the Source Code to individuals specified in Paragraph (xi) above (e.g., Source Code may not be disclosed to in-house counsel).

(xvii)   If access to source code is necessary to rebut new arguments raised by the producing party at trial, the producing party and the receiving party shall meet and confer in good faith in order to resolve any disputes regarding access to source code.

4.     **Documents Produced in Discovery and Depositions**.

A.     **Documents and things produced** during the course of this litigation within the scope of paragraph 2(A) or 2(B) above, may be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(B) above may be designated by the producing party as containing "Highly

Confidential Information – Outside Counsel Only" by placing on each page and each thing a legend substantially as follows:

### HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY
### SUBJECT TO PROTECTIVE ORDER

Documents and things produced, or made available for inspection, during the course of this litigation within the scope of paragraph 2(C) above may be designated by the producing party as containing "Restricted Confidential: Source Code" by placing on each page and each thing a legend substantially as follows:

### RESTRICTED CONFIDENTIAL: SOURCE CODE
### SUBJECT TO PROTECTIVE ORDER

**B.     Depositions**

(i)     For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Highly Confidential Information – Outside Counsel Only" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

(ii)    If no such designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information" and "Highly Confidential Information – Outside Counsel Only."

(iii)   During the transcription and following fourteen (14) day period after a deposition session, the transcript and exhibits must be treated as Highly Confidential Information – Outside Counsel Only, unless the disclosing party consents to less confidential treatment of the information.

(iv)    Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential Information – Outside Counsel Only in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(v)     If no such designation is made at the deposition or within the fourteen (14) day period following delivery of the transcript, then the entire deposition will be considered devoid of Confidential Information or Highly Confidential Information – Outside Counsel Only.

## C.    Limitations on the Use of Protected Information

No "Confidential Information," "Highly Confidential Information – Outside Counsel Only," and "Restricted Confidential: Source Code" produced in this litigation may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to documents (including copies) in physical and electronic form. The viewing of "Confidential Information," "Highly Confidential Information – Outside Counsel Only," and "Restricted Confidential: Source Code" through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Confidential Information, exclusive of material designated "Restricted Confidential: Source Code," and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

## 5.    Inadvertent Failure to Designate.

**A.**    The inadvertent failure to designate a documents as "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

**B.**    In the event a producing party late designates a document as "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" designation.

## 6.    Challenges to Designations.

A party's designation of documents "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" is not binding if the procedures below are followed:

**A.**    A receiving party may challenge a producing party's designation at any time. Any receiving party may request in writing that the producing party change the designation. The producing party within fourteen (14) days after receipt of a written challenge, must advise the receiving party whether or not it will change the designation.

**B.**    If the parties are unable to reach agreement after the expiration of this fourteen (14) day period, they shall confer. If they cannot resolve the issue, the receiving party may seek an order to alter the confidential status of the designated information.

**C.**    Until the presiding judge has ruled on a dispute under this paragraph, the "Confidential Information" or "Highly Confidential Information – Outside Counsel Only" designation will remain in full force and effect, and the document continues to be protected by this Protective Order.

7.      **Disclosure and Use of Confidential Information**.

     **A.**    Information designated as "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" may only be used for purposes of preparation, trial, and appeal of this action. "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" may not be used under any circumstances for prosecuting any patent application, for reexamination or reissue proceedings, for patent licensing, or for any other purpose.

           (i)    Any document designated as "Highly Confidential Information – Outside Counsel Only" or "Restricted Confidential: Source Code" shall automatically be subject to a PATENT PROSECUTION BAR. Any document designated as "Confidential" may be designated as subject to the PATENT PROSECUTION BAR if the document describes DISCLOSED TECHNOLOGY and if the producing party has a good faith belief that the contents of the document are such that there is substantial likelihood of economic harm to the producing party if that document is seen by a person who engages in activities that are barred by the PATENT PROSECUTION BAR of this paragraph. Any person who receives, reviews, accesses, is informed of, or becomes aware of the contents of any document designated as "Highly Confidential Information – Outside Counsel Only," "Restricted Confidential: Source Code," or "PATENT PROSECUTION BAR" is subject to the restrictions set forth in this paragraph. For purposes of this paragraph "DISCLOSED TECHNOLOGY" shall refer to (a) technology for caching and cache coherency within distributed file systems or distributed databases, (b) web technology for data editing, including collaborative editing, (c) technology for distributed data and file corpus management and cross-device synchronization, (d) web technology for cloud storage, (e) web technology for caching, (f) web technology for cache or data coherency, (g) technology for data storage, access, caching, and retrieval, and (h) any other technology that is disclosed in or can be derived from the highly confidential information (including source code) produced by Google in this litigation. With respect to subsections 7(A)(i)(a)-(h), the PATENT PROSECUTION BAR only applies insofar as and to the extent that the producing party provides the receiving party with confidential source code or highly confidential information (including without limitation documents, source code, declarations, discovery responses, and testimony) revealing, embodying, or evidencing that technology. From the time that any person receives, reviews, accesses, is informed of, or becomes aware of the protected information until two years following the entry of a final, non-appealable judgment or order or the complete settlement of all claims against all parties in this action, said person shall be subject to the PATENT PROSECUTION BAR and shall not engage in any activity related to competitive business decisions or have any substantive involvement in the preparation of prosecution of any patent or patent application that: (1) relates to DISCLOSED TECHNOLOGY; or (2) is related to or claims priority to U.S. Patent No. 5,918,244. Once a person is subject to the PATENT PROSECUTION BAR of this paragraph, that person shall not engage in the following types of patent prosecution activities: preparation of and/or amending an original patent application, continuation, divisional, continuation-in-part, request for continued examination, reexamination, inter partes review, reissue, substitute, renewal, or convention applications; or claim drafting for applications relating to DISCLOSED TECHNOLOGY. A person subject to the PATENT PROSECUTION BAR shall further refrain from: invention identification, invention evaluation and consulting, or the decision whether to file a patent application for an invention, insofar as such activities directly relate to patent prosecution and the person is directly involved in the prosecution of patents relating to DISCLOSED TECHNOLOGY. Notwithstanding any of the foregoing, the PATENT PROSECUTION

BAR shall not bar any attorney from participating in the preparation and prosecution of any patents unless that attorney has reviewed, received, or accessed documents or information designated as "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code"  that relate to DISCLOSED TECHNOLOGY, even if other attorneys in the same law firm have reviewed such documents or information.

   (ii) Nothing in this provision shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

  **B.** Subject to paragraph 10 below, "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:  **(a)** two in-house counsel who are identified by the receiving party;  **(b)** outside counsel of record for the receiving party;  **(c)** supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; **(d)** experts or consultants; and **(e)** any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

  **C.** Subject to paragraph 10 below, "Highly Confidential Information – Outside Counsel Only" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:  **(a)** outside counsel of record for the receiving party;  **(b)** supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; **(c)** experts or consultants who meet the requirements set forth in Paragraph 7(D); and **(d)** those individuals designated in paragraph 6(F)(c) below.

  **D.** Further, prior to disclosing "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the individual's name and business address; resume or curriculum vitae; any previous or current relationship with any of the parties; residential address (including at least the city and state of residence); current employer; a listing of all companies with which the individual has consulted or by which the individual has been employed for the last seven years, including direct relationships and relationships through entities owned or controlled by the individual, and a brief description of the subject matter of the consultancy or employment unless such disclosure is prohibited by confidentiality obligations (in which case the individual shall so state and will provide as much information as possible); and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years, and an identification of any patents or patent applications in which the technical adviser is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual.  The objection must be made for good cause and in writing, stating with particularity the reasons for the

objection. Failure to object within ten (10) days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

A party desiring to disclose "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" to a technical adviser shall also give prior written notice of the intended disclosure by email to all counsel of record in the litigation setting forth with particularity the bates ranges of documents the party intends to disclose, and the producing party shall have seven business days after such notice is given to object in writing to the disclosure. No "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection. No "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" other than bates ranges of information specifically identified in the notice of intended disclosure may be disclosed. If a party seeks to disclose additional bates ranges of "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" to a technical adviser, the party must provide new notice of the intended disclosure to the producing party and the producing party shall have the opportunity to object pursuant to the procedures set forth herein.

**E.** Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

**F.** "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" may be disclosed to a person who is not already allowed access to such information under this Protective Order *if*: **(a)** the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6); **(b)** the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or **(c)** counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this section 6(F), only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information.

Disclosure of material pursuant to this section 6(F) does not constitute a waiver of the confidential status of the material so disclosed.

**G.** A party shall provide a minimum of two business day's notice to the producing party in the event that a party intends to use any Protected Information during trial. In addition, the parties agree to meet and confer in good faith prior to, or during, trial in order to reach agreement regarding the sealing of courtroom at trial, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Protected Information.

**8.      Non-Party Information.**

The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony.  Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**9.      Filing Documents With the Court.**

Any party may submit Confidential Information to the court under seal by designating the document "sealed" in the CM/ECF system of the court or may deliver the document for filing by the Clerk's Office.  If a party delivers a copy to the court, the document must be in a sealed envelope bearing the caption of this action and a label containing the following:

**CONFIDENTIAL INFORMATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SUPERSPEED, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-cv-01688 |
| | § | |
| GOOGLE, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**This envelope, which is being filed under seal,**
**contains documents that are subject to a Protective Order**
**governing the use of confidential discovery material.**

**10.     No Prejudice.**

Producing or receiving "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code," or otherwise complying with the terms of this Protective Order, will *not*:  **(a)** operate as an admission by any party that any particular "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" contains or reflects trade secrets or any other type of confidential or proprietary information;  **(b)** prejudice the rights of a party to object to the production of information **or** material that the party does not consider to be within the scope of discovery;  **(c)** prejudice the rights of a party to seek a determination by the presiding judge that

particular materials be produced;  **(d)** prejudice the rights of a party to apply to the presiding judge for further protective orders; or  **(e)** prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

## 11.   **Conclusion of Litigation.**

Within sixty (60) days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code," and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## 12.   **Privileged Information.**

Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

All communications between the parties and their counsel are presumed to be attorney work-product and/or attorney-client privileged information.  No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.

## 13.   **Discovery from Testifying Experts**

Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

14.   **Other Proceedings**.

By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated "Confidential," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15.   **Remedies**.

It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt.   All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

16.   **Relief from Protective Order**.

Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

Signed at Houston, Texas, this *10th* day of *JANUARY*, 2013.

_____
SIM LAKE
United States District Judge

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SUPERSPEED, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-cv-01688 |
| | § | |
| GOOGLE, INC., | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## CONFIDENTIALITY AGREEMENT FOR EXPERT,
## CONSULTANT OR EMPLOYEES OF ANY PARTY

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

    1.    I reside at _____.

    2.    My present employer is _____.

    3.    Information, including documents and things, designated as "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    4.    I have been given a copy of and have read the Protective Order.

    5.    I am familiar with the terms of the Protective Order dated _____, and have been engaged as _____ on behalf of _____ and I agree to comply with and to be bound by its terms.

    6.    I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

    7.    I agree not to use any "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

    8.    I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

    9.    I understand that I am to retain all documents or materials designated as or containing "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" in a secure manner consistent with the terms of the Protective Order, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me

containing any "Confidential Information," "Highly Confidential Information – Outside Counsel Only," "Restricted Confidential: Source Code" are to be returned to counsel who provided me with such documents and materials.

Signed at _____, _____, this _____, day of _____, 20__.

_____
Signature

**Exhibit B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SUPERSPEED, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-cv-01688 |
| | § | |
| GOOGLE, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

1.   I reside at _____.

2.   My present employer is _____.

3.     Information, including documents and things, designated as "Confidential Information," "Highly Confidential Information – Outside Counsel Only," or "Restricted Confidential: Source Code" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

4.     I have been given a copy of and have read the Protective Order dated _____, and have been engaged as _____ on behalf of _____ and I agree to comply with and to be bound by its terms.

5.     I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

6.     I agree not to use any Confidential Information, Highly Confidential Information – Outside Counsel Only, or Restricted Confidential: Source Code information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

Signed at _____, _____, this _____, day of _____, 20__.